# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LEE VESTER JOHNSON,**                                                               **PLAINTIFF**

**V.**                                                                 **NO. 4:05CV94-P-B**

**LAWRENCE KELLY, ET AL,**                                                 **DEFENDANTS**

## O P I N I O N

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, a *pro se* inmate currently incarcerated at the Mississippi State Penitentiary at Parchman, states that while he was incarcerated at the Central Mississippi Confinement Facility (CMCF) he married a female inmate in January 2004. He states that he and his wife were scheduled for a conjugal visit, but that because the marriage license had not been put into his file the visit was denied. He attempted to get this rectified, but was transferred to Parchman instead. He contends that this was done in retaliation, and ask that he be returned to CMCF so that he and his wife may have conjugal visits in accordance with Mississippi Department of Corrections policy.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas or civil rights in nature the plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States.[1] *Irving*

---

[1] Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

*v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

There is no constitutional requirement that inmates be granted conjugal visits. Likewise, it is well-settled that the courts, unless presented with patently unreasonable conduct, are reluctant to interfere with the day-to-day operations of a prison. *Bell v. Wolfish*, 441 U.S. 520 (1979). The transfer of an inmate from one state institution to another is an example of such day-to-day operations. Finally, in *Meachum v. Fano*, 427 U.S. 215, 216 (1976) the Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not require the state to afford the prisoner a hearing when he is transferred to a prison which is less favorable, absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other events. Hence, dismissal of this action is required for failure to state a claim upon which relief may be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 20th day of May , 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .